UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SALVADOR SANCHEZ,

                    Plaintiff,

v.                                                 Case No. 15-cv-935-pp

TODD OLIG, PAUL LUDVIGSON,
AND JEREMY WESTRA

                    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO RESTRICT THE USE OF PRIVATE HEALTHCARE INFORMATION (DKT. NO. 54) AND DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DKT NO. 56)**

---

Plaintiff Salvador Sanchez, who is a Wisconsin state prisoner representing himself, filed a civil rights complaint alleging that the defendants violated his constitutional rights while he was incarcerated at the Waupun Correctional Institution. Dkt. No. 1. On January 15, 2016, the court screened the amended complaint, dkt. no. 18, and allowed the plaintiff to proceed on: (1) an excessive force claim against defendant Todd Olig based on allegations that he purposely kicked the plaintiff's cell door which caused serious injury to the plaintiff's finger; and (2) retaliation claims against defendant Paul Ludvigson (who issued the plaintiff a conduct report claiming that he lied about staff after he filed a grievance against Olig), defendant Olig (who testified at the disciplinary hearing that he did not kick the plaintiff's door), and defendant Jeremy Westra (who conducted the hearing and issued the sanction of

1

additional segregation). Dkt. No. 17 at 10-12. The plaintiff has filed two motions, which the court will address in this order.[1]

I. **Motion to Restrict the Use of Private Healthcare Information**

The plaintiff has filed a motion to restrict the use of private healthcare information. Dkt. No. 54. He states that on May 12, 2017, he signed an authorization for the disclosure of his private healthcare information. Id. at 1. When the plaintiff read and signed the document, he thought that it authorized the defendants to access his healthcare records from June 1, 2015 to the present. Id. Since signing the document, the plaintiff revoked the medical authorization allowing the defendants to access his records from June 1, 2010 to the present. Id. at 2. The plaintiff asserts that because the incident at issue in this case occurred on June 9, 2015, any records prior to June 1, 2015 are irrelevant and he requests that the court order the defendants not to use any of those medical records. Id.

The defendants filed a response to the motion, in which they disagree with the plaintiff's contention that his records prior to June 1, 2015 are irrelevant. Dkt. No. 59. According to the defendants, the records are relevant because the plaintiff alleges that the June 9, 2015 incident injured his right ring finger and that, prior to June 2015, he had three separate surgeries on that same finger. Id. Also, the June 9, 2015 incident allegedly exacerbated the plaintiff's pre-existing anxiety disorder. Id. The defendants contend that the

---

[1] The court had stayed this case from May 15, 2016, through April 18, 2017, because defendant Olig had been mobilized to active military duty in Iraq. Dkt. No. 37.

court should allow them to explore the plaintiff's past medical history with respect to his finger pain and anxiety disorder prior to June 2015. Id. "How long the conditions have existed, how they have progressed over time, how they were treated in the past, and what [the plaintiff] reported to his medical professionals in the years preceding the date at issue in this lawsuit are relevant to [the plaintiff's] alleged damages." Id. The defendants assert that five years preceding this lawsuit represents a reasonable length of time to provide them with enough information to evaluate the plaintiff's medical history as to both liability and damages issues, as well as striking an appropriate balance between the defendants' right to explore potential defenses to the suit with the plaintiff's interests in his medical privacy. Id.

The plaintiff filed a reply in which he acknowledges that he had three surgeries prior to the incident—two of them taking place over a decade before the incident, and the third in 2014, while he was incarcerated at the Racine Correctional Institution. Dkt. No. 61 at 1. The plaintiff concedes that it is fair for the defendants to receive his healthcare information from January 1, 2014, through the present, because that timeframe encompasses all that the defense could gain, based on what they claim to need, from the plaintiff's medical records; that it will verify that he had a diagnosis of generalized panic/anxiety disorder; and that his symptoms grew after the incident. Id. According to the plaintiff, there is no need for him to reveal personal health information from the past five years because the information the defendants seek is not in those records. Id.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The plaintiff concedes the relevance of his medical records, but he asks that the court limit how far back the defendants may examine those records. Given that the plaintiff has had three prior surgeries on his finger and that the length of time that he has suffered from his anxiety is not clear, the court finds the defendants' request to examine the plaintiff's medical records from June 1, 2010 to the present a reasonable one. The court will deny the plaintiff's motion to restrict access to the records.

## II.     Motion to Compel

The plaintiff has filed a motion to compel discovery. Dkt. No. 57. He asserts that the defendants gave him an altered or damaged video in response to his request for production of documents. Id. at 1. According to the plaintiff, the video clip of the incident "seemed to momentarily freeze at the point when defendant Olig was about two feet from the plaintiff's door, which is the moment the plaintiff alleged Olig kicked his door [and] the video resumes only a second – literally a second or two – later, when Olig is standing at the plaintiff's door." Id. The plaintiff asks that the court order the defendants to produce a copy of the video "as it was recorded," meaning one that does not pause at the exact moment when Olig allegedly kicked the plaintiff's cell door. Id. at 2.

The defendants responded that the court should deny the plaintiff's motion to compel because a better quality video does not exist. Dkt. No. 62. According to the defendants, while there are a number of times when there is a

4

bit of delay in movement on the video due to the poor quality of the recording equipment, the video was not intentionally altered in any way. Id.

The plaintiff contends that the defendants' explanation is unacceptable. Dkt. No. 64. He asks the court to enter default judgment for him if the defendants cannot produce a better-quality, smoother-running recording. Id. Alternatively, the plaintiff asks that the court bar the video due to its prejudicial nature. Id.

The court has not seen the video. If, at some point in the future, a party asks the court to admit the video as evidence in a hearing or at a trial, the court will decide at that time whether to allow or exclude the video. The court cannot, however, compel the defendants to provide something that they do not have. The court will deny the plaintiff's motion to compel.

### III. Conclusion

The court **DENIES** the plaintiff's motion to restrict the use of private healthcare information. Dkt. No. 54.

The court **DENIES** that plaintiff's motion to compel discovery. Dkt. No. 56.

Dated in Milwaukee, Wisconsin this 14th day of August, 2017.

    **BY THE COURT:**

    _____
    **HON. PAMELA PEPPER**
    **United States District Judge**